UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| **Mary Elizabeth Cooper,**<br><br>　Plaintiff,<br><br>　v.<br><br>**Glen Oaks Healthcare LLC d/b/a Viviant Healthcare of Shelbyville f/k/a Glen Oaks Health and Rehabilitation; and Viviant Care Management LLC,**<br><br>　Defendants. | Case No.<br><br>JURY DEMAND |

# COMPLAINT

Plaintiff Mary Elizabeth Cooper brings this cause of action against defendants Glen Oaks Healthcare LLC d/b/a Viviant Healthcare of Shelbyville f/k/a Glen Oaks Health and Rehabilitation; and Viviant Care Management LLC as follows:

1. Plaintiff is a resident of Cannon County, Tennessee.

2. Defendant Glen Oaks Healthcare LLC is, and at all times mentioned herein was, a Tennessee limited liability company operating and/or managing Viviant Healthcare of Shelbyville f/k/a Glen Oaks Health and Rehabilitation at 1101 Glenoaks Rd, Shelbyville TN 37160-2529. Defendant can be served with process through its

1

registered agent, C T Corporation System, at 300 Montvue Rd, Knoxville TN 37919-5510.

3. Defendant Viviant Care Management LLC is, and at all times mentioned herein was, a Tennessee limited liability company operating and/or managing Viviant Healthcare of Shelbyville f/k/a Glen Oaks Health and Rehabilitation at 1101 Glenoaks Rd, Shelbyville TN 37160-2529. Defendant can be served with process through its registered agent, C T Corporation System, at 300 Montvue Rd, Knoxville TN 37919-5510.

## JURISDICTION AND VENUE

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different States. Specifically, Plaintiff is a citizen of Tennessee, and Defendants are both made up of one individual member, Samuel Goldner, who, upon information and belief, is a citizen of New York.[1] Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

---

[1] A limited liability company is an unincorporated entity that has the citizenship of each partner or member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

6. Plaintiff gave notice to Defendants of a potential claim at least 60 days in advance of filing this complaint in conformity with the provisions of T.C.A. § 29-26-121, as evidenced by the *Affidavit of Service with Certificate of Mailing* attached hereto as Exhibit A.

7. In the event Defendants believe that Mary Elizabeth Cooper or someone on her behalf has entered into an agreement to arbitrate any issues between them, then pursuant to 9 USCS § 4 Plaintiff demands a trial by jury to resolve all fact issues of whatever nature related to Defendants' claims that a binding arbitration agreement was entered into that would require the submission of the claims raised in this complaint to an arbitrator.

## DEFINITIONS

8. Whenever it is alleged that Defendants did any act or failed to do any act, it is meant that the officers, employees, or agents of Defendants performed, participated in or failed to perform or participate in such acts or things while in the course and scope of their employment or agency relationship with Defendants.

## FACTS

9. Mary Elizabeth Cooper was a resident of Viviant Healthcare of Shelbyville f/k/a Glen Oaks Health and Rehabilitation from October 9, 2020 until January 18, 2021.

10. Viviant Healthcare of Shelbyville f/k/a Glen Oaks Health and Rehabilitation represented itself to Ms. Cooper and her family as being capable of providing high quality, compassionate long term care.

11. Ms. Cooper required assistance with her activities of daily living, even the most basic activities such as transferring and ambulating. Defendants were aware of these conditions, or reasonably should have been aware, and were required to meet her needs or discharge her to an appropriate facility where her needs could be met.

12. Ms. Cooper was at risk for falls and injuries from falls. Defendants were aware of this condition, or reasonably should have been aware, and were required to meet her needs or discharge her to an appropriate facility where her needs could be met.

13. Defendants failed to develop and implement an effective plan for the prevention and timely treatment of falls and injuries from falls.

14. Defendants failed to implement a system to ensure that Ms. Cooper was properly monitored and protected from acts of abuse and neglect.

15. Due to the inadequate care of Defendants, Ms. Cooper fell on December 12, 2020 and suffered injuries and harm which include, but are not limited to, the following:

    (a) Injuries from falls;

    (b) Delays in care;

(c) Abuse and neglect; and

(d) Severe pain.

16. The foregoing injuries are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Ms. Cooper's health deteriorated, she required medical treatment, and she suffered significant pain.

## COUNT I – NEGLIGENCE PURSUANT TO THE TENNESSEE MEDICAL MALPRACTICE ACT, TENN. CODE ANN. §29-26-115, ET SEQ.

17. Defendants owed a duty to their residents, including Ms. Cooper, to render care, services and treatment as a reasonably prudent and similarly situated nursing home would render, including but not limited to, rendering care and services in a safe and beneficial manner.

18. Defendants owed a duty to assist their residents, including Ms. Cooper, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

19. Defendants failed to meet that standard of care and violated their duty of care in their treatment of Ms. Cooper through mistreatment, abuse and neglect. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

(a) Failure to provide and ensure adequate nursing care plans, including necessary revisions, based upon the needs of Ms. Cooper;

(b) Failure to implement and ensure that an adequate nursing care plan for Ms. Cooper was followed by nursing personnel;

(c) Failure to provide timely medical intervention to Ms. Cooper;

(d) Failure to provide nursing personnel sufficient in number to ensure that Ms. Cooper attained and maintained the highest level of physical, mental, and psychosocial well-being;

(e) Failure to provide care and treatment to Ms. Cooper in accordance with her physicians' orders;

(f) Failure to properly and timely notify Ms. Cooper's attending physician of significant changes in Ms. Cooper's physical condition;

(g) Failure to adequately and appropriately monitor Ms. Cooper and recognize significant changes in her health status;

(h) Failure to provide treatment for persistent, unresolved problems relating to the care and physical condition of Ms. Cooper, resulting in unnecessary pain, agony and suffering;

(i) Failure to provide timely and adequate nursing intervention to alleviate pain and suffering endured by Ms. Cooper;

(j) Failure to transfer Ms. Cooper to a hospital when she developed symptoms, conditions and illnesses beyond the treatment capabilities of the facility;

(k) Failure to maintain medical records on Ms. Cooper that are complete, accurately documented, readily accessible, and systematically organized with respect to the diagnosis of Ms. Cooper, the treatment of Ms. Cooper, and the assessment and establishment of appropriate care plans for Ms. Cooper.

20. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Ms. Cooper's injuries. Ms. Cooper's injuries were all foreseeable to Defendants.

21. Defendants' conduct in breaching the duties they owed to Ms. Cooper was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

22. The injuries herein described are a direct and proximate result of the acts or omissions as set forth above, singularly or in combination.

23. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any further relief to which she is entitled by law.

## COUNT II – GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL MISCONDUCT

24. The longevity, scope and severity of Defendants' failures and actions and their consciously indifferent actions with regard to the welfare and safety of helpless residents, such as Ms. Cooper, constitutes gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct as such terms are understood in law.

25. Such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as Ms. Cooper, entrusted to their care. Moreover, such conduct evinces such little regard for their duties of care, good faith, and fidelity owed to Ms. Cooper as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Ms. Cooper's rights and welfare.

26. As a direct and proximate result of the grossly negligent, willful, wanton, reckless, malicious and/or intentional misconduct of Defendants, Ms. Cooper suffered injuries, resulting treatment and severe pain.

27. Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, plus costs, and other relief to which she is entitled by law.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. For damages to be determined by the jury in an amount adequate to compensate Plaintiff for all injuries and damages sustained;

B. For all general and special damages caused by the alleged conduct of Defendants;

C. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities;

D. For the costs of litigating this case;

E. For a jury to hear this case; and

F. For all other relief to which plaintiff is entitled under Tennessee law.

Respectfully submitted,

**THE HIGGINS FIRM, PLLC**

s/ Benjamin J. Miller
**BENJAMIN J. MILLER (#25575)**
**NATHAN H. MAUER (#029690)**
**SARAH L. MARTIN (#037707)**
525 4th Ave. S.
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com
nmauer@higginsfirm.com
smartin@higginsfirm.com

*Counsel for Plaintiff*